# IN THE SUPREME COURT OF THE STATE OF NEVADA

WESTERN NATIONAL MUTUAL
INSURANCE COMPANY, A
MINNESOTA CORPORATION,
Appellant,
vs.
WILLIAM HARRY RESH, AN
INDIVIDUAL,
Respondent.

No. 82475

FILED

JUN 3 0 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER REVERSING IN PART, VACATING IN PART, AND REMANDING

This an appeal from a judgment certified as final under NRCP 54(b) and an award of attorney fees and costs in an action to recover on a bond. Eighth Judicial District Court, Clark County; Eric Johnson, Judge.

Respondent Dr. William Resh had a friend, Robert Larson, assist him in selling his car. Larson registered the car with a car dealership, Compadres Auto Sales, to list and sell the car at an auction.[1] When the car was sold, Larson received the proceeds via a check made out to the dealership. He provided the check to the dealership, which deposited it into its bank account, but never gave Dr. Resh any of the money. Dr. Resh sued to recover on a vehicle industry license bond issued for the dealership by appellant Western National Mutual Insurance Company ("Western National"). The district court found that Dr. Resh was a "consumer" pursuant to NRS 482.345, entered summary judgment for Dr. Resh against the bond amount and awarded him attorney fees and costs. Western

---

[1]We recount the facts only as necessary for our disposition.

22-20695

National appeals, arguing that Dr. Resh is not a "consumer" for the purposes of NRS 482.345 and therefore should not be able to recover on the bond.

"This court reviews a district court's grant of summary judgment de novo." *Wood v. Safeway*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). "Statutory interpretation is a question of law, which this court reviews de novo." *Branch Banking v. Windhaven & Tollway, LLC*, 131 Nev. 155, 158, 347 P.3d 1038, 1040 (2015) (internal quotations omitted). "[I]f a statute's language is clear and unambiguous, it must be given its plain meaning, unless doing so violates the spirit of the act." *Griffith v. Gonzales-Alpizar,* 132 Nev. 392, 394, 373 P.3d 86, 87-88 (2016) (internal quotations omitted).

Vehicle dealers must keep a bond on file "for the use and benefit of the consumer" in instances where the "consumer" has been wronged. NRS 482.345. "Consumer" as used in NRS 482.345 "means any person who comes into possession of a vehicle as a final user for any purpose other than offering it for sale." NRS 482.345(10). In the transaction at issue, Dr. Resh was not coming into possession of the vehicle at all; rather, he was *dispossessing* himself of the vehicle. Although he may have been a "consumer" during his *purchase* of the vehicle, his purchase of the vehicle is not the transaction at issue in this case, and is therefore irrelevant. By its plain language, NRS 482.345 does not include vehicle sellers like Dr. Resh in the definition of "consumer." Thus, he cannot recover on the bond that Western National issued and the district court's judgment must be reversed. Furthermore, because we reverse the district court's grant of

SUPREME COURT
OF
NEVADA

(O) 1947A

summary judgment, the award of attorney fees and costs must be vacated.[2] Accordingly, we

ORDER the judgment of the district court REVERSED, VACATE the district court's award of attorney fees and costs, AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Herndon

cc:    Hon. Eric Johnson, District Judge
       The Faux Law Group
       Sklar Williams LLP
       Eighth District Court Clerk

---

[2]To the extent the parties' additional arguments are not addressed herein, we have reviewed such arguments and we conclude they do not warrant a different result.